IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDALL SACKIE,<br>    Petitioner<br><br>    v.<br><br>HONORABLE TOM RIDGE,<br>SECRETARY, DEPARTMENT OF<br>HOMELAND SECURITY,<br>    Respondent[1] | :<br>:<br>:<br>:  No. 2:02-CV-03705-JCJ<br>:<br>:<br>:<br>:<br>:<br>: |

**GOVERNMENT'S MOTION TO AMEND JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF**

I. BACKGROUND

      This is an alien habeas corpus case. The Court granted the alien's petition and ordered the petitioner released by order dated June 18, 2003. The government moves the Court, pursuant to Fed.R.Civ.P. 59(e), to amend the judgment and remand Sackie's case to the Board of Immigration Appeals pursuant to the Supreme Court's decision in INS v. Orlando Ventura, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

      This Court determined that petitioner Sackie is a native and citizen of Liberia who was admitted to the United

---

[1]    Secretary Ridge is substituted for Attorney General Ashcroft pursuant to Fed.R.Civ.P. 25(d)(1).

States as a permanent resident alien in 1995. Thereafter Sackie sustained criminal convictions, and was placed in removal proceedings. Sackie's sought to avoid removal by applying for political asylum, see 8 U.S.C. § 1158(a), but his application for asylum was denied based on his criminal convictions. He appealed the denial to the BIA, which remanded the case to an Immigration Judge for a determination of whether Sackie warranted relief under the Convention Against Torture. In a second hearing before an Immigration Judge, Sackie's application for relief under the Torture Convention was denied. This Court noted that "the BIA affirmed this decision *per curiam* without opinion." Memorandum & Order, page 10.

Sackie filed the instant habeas petition in June 2002.

II. ARGUMENT

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. See General Instrument Corp. v. Nu-Tek Electronics, 3 F.Supp.2d 602, 606 (E.D.Pa. 1998), aff'd, 197 F.3d 83 (3d Cir. 1999). A court may grant a motion for reconsideration if the moving party shows one of the

following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The government moves the Court to amend its judgment based on Rule 59(e)'s error of law prong. This is premised on a reading of the Supreme Court's decision in INS v. Orlando Ventura, above. That case stands for the proposition that the administrative agency (in this case, the Board of Immigration Appeals) should have an opportunity to develop the record and apply its expertise to matters for which it is responsible.[2]

In INS v. Orlando Ventura, *supra*, the alien petitioner had applied for and been denied asylum and withholding of removal, see 8 U.S.C. § 1231(b)(3). In a petition for review to the Ninth Circuit, Orlando Ventura for the first time raised a theory of "past persecution" to

---

[2] The government did not advance the Ventura argument in its prior filings in this case.

-3-

support his claim for withholding. Ventura v. INS, 264 F.3d 1150, 1154 (9th Cir. 2002)("Neither the BIA, the IJ, nor the parties addressed the question of whether the threats to Ventura rose to the level of past persecution. However, it is clear from the record that they did").[3]

The Ninth Circuit recognized that generally a remand was required when the issue before had not been decided in the first instance by the BIA. But the panel decided to short-circuit the normal procedure as superfluous, reasoning that it need "not remand ... when it is clear that we would be compelled to reverse the BIA's decision if the BIA decided the matter against the applicant." 264 F.3d at 1157.

The Supreme Court granted *certiorari* and reversed. The Court noted the court of appeals "is not generally empowered to conduct a *de novo* inquiry into the matter being

---

[3] Under the regulations, an applicant for withholding is entitled to a presumption of "future persecution" if the alien establishes "past persecution." See 8 CFR § 208.16(b)(1)(i); Shqutaj v. INS, 57 Fed.Appx. 95, 97, 2003 WL 231599, **1 (3rd Cir. Feb. 4, 2003). This presumption can be rebutted, by a preponderance of the evidence, if there is a showing that the conditions in the applicant's home country have changed such that he no longer has a probability of persecution. 8 CFR § 208.16(b)(1)(i)(A).

reviewed and to reach its own conclusions based on such an inquiry." (citing Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)). Rather, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Ibid.

In Sackie's case, the BIA did not specifically address Sackie's claims in the context of the Torture Convention, but merely affirmed the Immigration Judge's decision without opinion. The Ventura Court reasoned that the remand rule exists so that "[t]he agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides;" 537 U.S. 12, 123 S.Ct. at 355-56.

In this case, of course, this Court has already decided that Sackie has adduced sufficient evidence to warrant CAT relief. That determination could lead the Court to conclude that a remand is pointless. That is exactly the position that the Ninth Circuit panel had reached in Ventura

(and the basis for reversal), to wit, that a remand was not required because the case admitted of only one possible outcome; 264 F.3d at 1157 (deciding no remand required because "we would be compelled to reverse the BIA's decision if the BIA decided the matter against the applicant").

The purpose of the remand is to give the BIA the opportunity to correct its errors, or explain its position on the record. Were this Court to remand, it may well be that the Board will agree that, in light of the intervening developments in Liberia, Sackie warrants withholding or deferral. Even if the BIA again reached a conclusion adverse to Sackie, however, the caselaw indicates that a remand is required to give the agency the opportunity to explain its decision. See Zheng v. Ashcroft, - F.3d -, 2003 WL 21397687, *9 (9th Cir. Jun. 18, 2003) (After Ventura, "we do not now review the evidence under the correct standard of acquiescence to determine if substantial evidence supports the BIA's conclusion that Zheng does not qualify for relief under the Convention Against Torture. Rather, following Ventura, we remand to the BIA to give the BIA the first opportunity to apply the correct standard...."); Sene v. Ashcroft,

54 Fed.Appx. 753, *755, 2002 WL 31781089, **1 (3rd Cir. Dec. 11, 2002) ("we decline to grant relief to Sene outright both on the merits and in light of the Supreme Court's recent decision in INS v. Ventura").

Sackie suffers no prejudice in the event of a remand.[4] If the BIA agrees with the Court that withholding/deferral is warranted, then he has prevailed and the matter is over. If the BIA adheres to its prior position, this Court can determine that the Board's reasoning and explanation is persuasive, on the one hand, or so defective as to be violative of due process on the other; either way, the case will be ripe for an appeal on the merits. See Sevoian v. Ashcroft, 290 F.3d 166, 177 (3d Cir. 2002) (the "Board is not required to write an exegesis on every contention,... but only [ ] show that it has reviewed the record and grasped the movant's claims.") Because the BIA did not expressly address the issues or provide an explanation for its decision, this Court should reopen the judgment and remand the case in light of Ventura.

---

[4] Sackie was released from detention on June 19, 2003.

III. <u>CONCLUSION</u>

      For the foregoing reasons the government's motion to amend the judgment should be granted.

                                    Respectfully,

                                    PATRICK L. MEEHAN
                                  United States Attorney

_____        _____
                                  VIRGINIA A. GIBSON
                                  Assistant United States Attorney
                                  Chief, Civil Division

                                  _____
                                  STEPHEN J. BRITT
                                  Assistant United States Attorney

*Certificate of Service*

  I certify hereby that on the 30th Day of June 2003, I personally served or caused to be served the attached Government's Motion To Alter or Amend Judgment Pursuant To Fed.R.Civ.P. 59(e), addressed to:

    Randall Sackie
    402 Garfield Avenue
    TRENTON   NJ   08629 - 1715

    Petitioner *pro se*,

by first-class mail service upon petitioner.

    _____
    STEPHEN  J. BRITT
    Assistant United States Attorney
    Suite 1250
    615 Chestnut Street
    Philadelphia PA     19106-4476
    (215) 861-8443
    (215) 861-8642   facsimile